IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ERIN WILSON, individually and on behalf of others similarly situated,<br><br>    *Plaintiff*,<br>v.<br><br>COOKUNITY LLC,<br><br>    *Defendant*. | Case No. 1:25-cv-03237-TRJ |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant CookUnity Inc. (incorrectly named as CookUnity LLC) ("CookUnity"), by and through its undersigned counsel, respectfully responds to Plaintiff's Notice of Supplemental Authority. (ECF No. 24.) Plaintiff argues that *Wilson v. MEDVIDI, Inc.*, No. 5:25-CV-03996-BLF, 2025 WL 2856295 (N.D. Cal. Oct. 7, 2025), "provides direct and persuasive support for Plaintiff's position that the TCPA's Do Not Call provisions apply to the unwanted text messages at issue in this case." (ECF No. 24 at 2.) It does not.

In *MEDVIDI*, the court concluded that "the plain meaning of the statutory text" from 1991 dictates that the term "telephone call" includes "text messages," (*MEDVIDI*, 2025 WL 2856295, at *3–4), despite the fact that, as another court put it, "[n]o ordinary user of the English language would write the sentence 'John called

Sue' intending to mean 'John sent a text message to Sue,' nor would any ordinary reader," in 1991 or now, "interpret the sentence in that manner." *Davis v. CVS Pharmacy, Inc.*, No. 4:24-cv-477-AW-MAF, 2025 WL 2491195, at *1 (N.D. Fla. Aug. 26, 2025).

In determining the text was "clear and unambiguous," the *MEDVICI* court cited a 2024 dictionary definition of call, without examining whether the meaning had changed since the TCPA's enactment. *Cf. Regions Bank v. Legal Outsource PA*, 936 F.3d 1184, 1190 (11th Cir. 2019) ("[W]e interpret the words of a statute based on their meaning at the time of enactment."); *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 789 F.3d 1206, 1216 n.8 (11th Cir. 2015) ("We have chosen to use a 1976 dictionary because it is more contemporaneous to the 1966 enactment of the AWA than a modern edition.").

The *MEDVICI* court also stated that "[t]o state a claim under the TCPA, a plaintiff must allege that (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *MEDVICI*, 2025 WL 2856295, at *4 (quotation omitted). But those are *not* the elements of a § 227(c)(5) claim. "To state a claim under § 227(c)(5) of the TCPA, a plaintiff must allege: '(1) receipt of more than one telephone call within any 12-month period; (2) by or on behalf of the same entity; and (3) in

violation of the regulations promulgated by the FCC.'" *Persichetti v. T-Mobile USA, Inc.*, 479 F. Supp. 3d 1333, 1339 (N.D. Ga. 2020) (quotation omitted).

*MEDVICI* is neither "direct" nor "persuasive" here.

Dated: October 14, 2025

Respectfully submitted,

**EVERSHEDS SUTHERLAND (US) LLP**

*s/ Francis X. Nolan, IV*
Francis X. Nolan, IV (*pro hac vice*)
The Grace Building 40th Floor
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 389-5000
Facsimile: (212) 389-5099
franknolan@eversheds-sutherland.com

Valerie S. Sanders (Bar No. 625819)
Ian N. Jones (Bar No. 437690)
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30309
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
valeriesanders@eversheds-sutherland.com
ianjones@eversheds-sutherland.com

***Counsel for Defendant***

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(C) in 14-point Times New Roman typeface.

*s/ Francis X. Nolan, IV*
Francis X. Nolan, IV (*pro hac vice*)