IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ERIN WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COOKUNITY LLC<br><br>Defendant. | CIVIL ACTION FILE NO. 1:25-cv-03237-TRJ |

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff submits this Notice of Supplemental Authority to advise the Court of a recent decision relevant to the Court's consideration of Defendant's dispositive motion and the relevant briefing on that issue in *Mey v. Liberty Home Guard, LLC,* 2026 U.S. Dist. LEXIS 739, *16-20 (N.D. WV. January 5, 2026):

> First, the statutory text supports treating texts the same as calls. Section 227(c) concerns "telephone solicitations," protecting consumers' "privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1). The TCPA defines "telephone solicitation" [*17] as "the initiation of a telephone call *or message* for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 U.S.C. 227(a)(4) (emphasis added). By explicitly including "messages," Congress made clear that the statute's protections extend beyond traditional voice calls. *See Hudson v. Palm Beach Tan, Inc.*, 2024 U.S. Dist. LEXIS 165676, 2024 WL 4190513, at *7 (M.D. N.C. Aug. 12, 2024) (Peake, M.J.) (explaining that the statutory text of the TCPA supports the conclusion that text message are actionable under Section 227(c)), *recommendation adopted*, 2024 U.S. Dist. LEXIS 164763,

1

2024 WL 4188310 (Sept. 13, 2024) (Osteen, J.).

Second, the broader TCPA structure confirms that calls are inclusive of texts. The Supreme Court has assumed, and other courts have held, that "calls" under Section 227(b) encompass text messages. *See Facebook, Inc. v. Duguid*, 592 U.S. 395,400 n.2, 141 S. Ct. 1163, 209 L. Ed. 2d 272 (2021) (assuming that the TCPA's prohibitions extend to text messages); *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016) ("A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1 )(A)(iii)."); *Norton v. 1863 PAC, Ltd.*, 2019 U.S. Dist. LEXIS 197083, 2019 WL 5866102, at *2 (N.D. W.Va. July 9, 2019) (Groh, J.) (relying on *Campbell-Ewald* to conclude that "text messages are included in the definition of 'calls' under the TCPA"); *Blow v. Bijora, Inc.*, 855 F.3d 793, 798 (7th Cir. 2017) ("It is uncontested that text messages to a cellular phone constitute 'calls'"); *Warciak v. Subway Restaurants, Inc.*, 949 F.3d 354, 356 (7th Cir. 2020) (Text messages to a cellular telephone qualify as a "call" within the meaning of the statute"); *Breda v. Cellco P'ship*, 934 F.3d 1, n.1 (1st Cir. 2019); *Hall v. Xanadu Mktg., Inc.*, 682 F. Supp. 3d 1278, 1285 (N.D. Ga. 2023) ("A text message [*18] to a cellular telephone qualifies as a "call" under the TCPA"). There is no reason to assign the same word a different meaning in Section 227(c), given that both provisions protect the same core interest: the consumer's right to be free from unwanted intrusions. *See Gulden v. Liberty Home Guard LLC*, 2021 U.S. Dist. LEXIS 33833, 2021 WL 689912, at *5 (D. Ariz. Feb. 23, 2021) ("[Liberty] fails to cite any law in support of its position that a text message is not a 'telephone solicitation.'").

Third, the FCC's interpretation remains entitled to respect. Consistent with its delegated authority, the FCC has long confirmed that text messages fall within the TCPA's restrictions on calls. *See Hudson*, 2024 U.S. Dist. LEXIS 165676, 2024 WL 4190513, at 7 (detailing history of FCC regulations and guidance); *Dawson v. Porch.com* , 2024 U.S. Dist. LEXIS 206363, 2024 WL 4765159, at 4 (W.D. Wash. Nov. 13, 2024) (same). Congress expressly empowered the FCC to "evaluate alternative methods and procedures" and "develop proposed regulations" necessary to protect consumers' privacy, including "do-not-call systems." 47 U.S.C. § 227(c)(1 )-(3). The FCC's inclusion of text messages is therefore notan expansion of statutory text, but a

reasonable implementation of Congress's mandate.

Under *Loper Bright*, when Congress expressly empowers an agency to decide how to apply a statutory term to specific facts found by the agency—as here—the agency interpretation is entitled to "deferential review." [*19] *Loper Bright*, 603 U.S. at 388. Even if the FCC's interpretation were not entitled to "deferential review" under *Loper Bright*, this Court must, at a minimum, afford "appropriate respect to the agency's interpretation" under *McLaughlin*.

Fourth, the ordinary meaning of "call" also encompasses texts. As the Ninth Circuit observed, the FCC's conclusion that text messages are encapsulated with Section 227(b)'s use of the term "call" is consistent with the dictionary's definition of "call" in that it is defined as "to communicate with or try to get into communication with a person by telephone." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946,954 (9th Cir. 2009) (citing Webster's Third New International Dictionary 318 (2002)). Text messaging is indisputably communication by telephone. Courts applying ordinary-meaning principles have thus reached the same result "regardless whether deference to the agency's interpretation is appropriate or not." *Dawson*, 2024 U.S. Dist. LEXIS 206363, 2024 WL 4765159, at 6.

Fifth, the TCPA's purpose compels the same result. Congress enacted the TCPA "to address a growing number of telephone marketing calls and certain telemarketing practices thought to be an invasion of consumer privacy." *Wilson v. Skopos Fin., LLC*, 2025 U.S. Dist. LEXIS 138638, 2025 WL 2029274, at *4 (D. Ore. July 21, 2025). Section 227(c) recognizes "the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." § 227(c)(1). "With those [*20] goals in mind, the 'basis' for the FCC's conclusion becomes abundantly clear: unsolicited text messages invade the privacy and disturb the solitude of their recipients." *Wilson*, 2025 U.S. Dist. LEXIS 138638, 2025 WL 2029274, at *4. They should therefore be included within the purview of the do-not-call protections. *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458,462 (7th Cir. 2020) (Barrett, J.) (holding that invasion of privacy arising out of unwanted text messages is "the very harm that the Act is designed to prevent"); *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 690 (5th Cir. 2021) ("Telemarketing text messages present the precise harm and

infringe the same privacy interests Congress sought to protect in enacting the TCPA") (cleaned up)…

This Court agrees that a text message is a call within the ambit of the TCPA.

Plaintiff respectfully requests that the Court consider this submission as further authority supporting Plaintiff's opposition.

Respectfully Submitted,

Dated: January 14, 2026

PLAINTIFF,
By his attorney

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
**Attorney for Plaintiff**

4